benefits and to prevent Dr. Alexander from ascertaining an accounting relating to the withdrawals from the UDC and FRBP;

 d. failing to respond in a timely manner to Dr. Alexander's lawful and proper requests for information concerning his benefits, and by providing Dr. Alexander with confusing, misleading, inaccurate and false information concerning the deficit assessed to Dr. Alexander and the resulting withdrawals from the UDC and FRBP;

 e. failing to provide Dr. Alexander with documents to which he is legally entitled, and by attempting to frustrate, confuse and delay Dr. Alexander's efforts to obtain pension benefits; and,

 f. adopting self-serving interpretations of the UDC and FRBP, which interpretations serve their own interests rather than the interests of Dr. Alexander as a participant.

99. As a result of the aforesaid fiduciary breaches by BWPO, UDC, FRBP, the Committee, Fidelity, and FMTC, to the extent that Dr. Alexander has no other remedy, such fiduciaries are personally liable to Dr. Alexander, under 29 U.S.C. §1132(a)(3), for any losses suffered by Dr. Alexander as a result of their breach of their fiduciary duties.

100. Defendants' conduct, as aforesaid, caused Dr. Alexander severe financial and emotional hardship, and deterioration in his physical and mental condition, and required him to expend considerable sums for attorneys and other professional fees.

101. As a result, Dr. Alexander has suffered damages in an amount to be proven at trial, plus interest, costs, attorneys' fees and further consequential damages.

COUNT XI
(Interference with Protected Pension Rights Pursuant to 29 U.S.C. § 1140
vs. All Defendants)

102. Dr. Alexander incorporates by reference herein the allegations contained in paragraphs 1 through 101 above.

103. 29 U.S.C. §1140 makes it unlawful for any person to discriminate against any other person for attempting to exercise any right to which he is entitled under an employee

benefit plan or Title I of ERISA, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under an employee benefit plan or Title I of ERISA.

104. Defendants interfered with Dr. Alexander's rights under the UDC and FRBP and Title I of ERISA, within the meaning of 29 U.S.C. §1140, by among other actions:

  a. concocting a scheme to deprive Dr. Alexander of his pension benefits;

  b. ignoring Dr. Alexander's valid requests for information regarding accounting for the deficit assessed to Dr. Alexander and the resulting withdrawal of funds from the UDC and FRBP, and by providing confusing and misleading responses to his inquiries in order to prevent Dr. Alexander from establishing his entitlement to pension benefits;

  c. failing to maintain adequate records of Dr. Alexander's income, expenses and pension benefits in order to prevent Dr. Alexander from establishing his entitlement to pension benefits; and,

  d. failing to adequately respond to Dr. Alexander's valid and legal requests for documents in order to prevent Dr. Alexander from establishing his entitlement to pension benefits.

105. Defendants' conduct, as aforesaid, caused Dr. Alexander severe financial and emotional hardship, and deterioration in his physical and mental condition, and required him to expend considerable sums for attorneys and other professional fees.

106. As a result of Defendants' conduct, Dr. Alexander has been damaged in an amount to be determined by the Court, through the exercise of its equitable powers, as provided under 29 U.S.C. §1132(a)(3).

### COUNT XII
(Attorneys' Fees Pursuant to 29 U.S.C. §1132(g) vs. All Defendants)

107. Dr. Alexander incorporates by reference herein the allegations contained in paragraphs 1 through 106 above.

108. Defendants have caused Dr. Alexander to expend considerable sums on attorneys and other professional fees to secure pension and other employee benefits to which he is entitled.

109. By engaging in and perpetuating a scheme to deny Dr. Alexander his pension benefits, defendants have caused Dr. Alexander to expend sums which are considerably in excess of that which would have otherwise been required to secure his rightful pension benefits.

110. Defendants committed these acts in bad faith and in furtherance of their own interests and in derogation of their fiduciary duties to Dr. Alexander.

111. Defendants have the financial ability to pay an award of attorneys' fees.

112. An award of attorneys' fees will deter defendants from depriving other participants of their rightful pensions, through concealment, delays and evasions, as occurred with Dr. Alexander.

113. As a result of their conduct, defendants are jointly and severally liable for the attorneys' fees incurred by Dr. Alexander in securing his pension and other employee benefits, pursuant to 29 U.S.C. § 1132(g), in an amount to be determined by the Court.

## COUNT XIII
(Accounting vs. All Defendants)

114. Dr. Alexander incorporates by reference herein the allegations contained in paragraphs 1 through 113 above.

115. Dr. Alexander retained counsel and sought an accounting concerning the deficit assessed to him and the withdrawal of funds from his UDC and FRBP accounts. Despite demand, the defendants have refused to provide Dr. Alexander with a sufficient accounting.

116. Consequently, Dr. Alexander is entitled to a formal accounting of his funds and assets from each of the defendants.

## REQUESTS FOR RELIEF

WHEREFORE, Dr. Alexander respectfully requests that the Court:

A. Under Counts I through XIII, enter judgment in favor of plaintiff and against defendants, in an amount to be determined at trial;

B. Under Count VII, enter judgment in favor of plaintiff and against defendants in an amount to be determined at trial as a result of the unfair and deceptive acts or practices of defendants, plus award statutory punitive damages equal to two or three times the amount of plaintiff's actual damages;

C. Under Count XII, award plaintiff payment of all attorneys' fees in connection with recovery of his pension and other employee benefits, in an amount to be determined at trial;

D. Under Count XIII, order that an accounting be provided to Dr. Alexander as to all funds, assets, expenses, or deficits related to the claims alleged herein;

E. Award prejudgment interest, costs and reasonable attorneys' fees; and

F.  Award such other relief as the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

EBEN ALEXANDER, III, M.D.

By his attorneys,

_____
Michael Paris (BBO #556791)
Colleen C. Cook (BBO#636359)
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: April 12, 2004