UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EBEN ALEXANDER, III, M.D. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRIGHAM AND WOMEN'S PHYSICIANS | ) |
| ORGANIZATION, INC., successor to | ) |
| Brigham Surgical Group Foundation, Inc., | ) |
| BOSTON NEUROSURGICAL FOUNDATION | ) |
| INC., BRIGHAM SURGICAL GROUP | ) |
| FOUNDATION, INC. DEFERRED | ) |
| COMPENSATION PLAN, BRIGHAM | ) |
| SURGICAL GROUP FOUNDATION, INC. | ) |
| FACULTY RETIREMENT BENEFIT | ) |
| PLAN, COMMITTEE ON COMPENSATION | ) |
| OF THE BRIGHAM SURGICAL GROUP | ) |
| FOUNDATION, INC., and PETER BLACK, M.D. | ) |
| | ) |
| Defendants. | ) |
| | ) |

Case No. 04-10738-MLW

## JOINT MOTION TO IMPOUND

Pursuant to Local Rule 7.2, plaintiff Eben Alexander, III, M.D. and defendants Brigham and

Women's Physicians Organization, Inc., Boston Neurosurgical Foundation, Inc., Brigham Surgical

Group Foundation, Inc. Deferred Compensation Plan, Brigham Surgical Group Foundation, Inc.

Faculty Benefit Retirement Plan, the Committee on Compensation of the Brigham Surgical Group

Foundation, Inc., and Peter Black (collectively, the "parties") hereby move to file the parties'

Stipulation of Facts for Cross Summary Judgment Motions ("Stipulation of Facts"), and any other

summary judgment papers that may contain highly confidential information, under seal. In

addition, the parties hereby move to file with the Clerk's Office redacted versions of their summary

judgment papers containing any highly confidential information. As grounds for this motion, the parties state as follows:

1.  The parties have agreed to file cross-motions for summary judgment on the discrete issue of whether the Brigham Surgical Group Foundation, Inc. Deferred Compensation Plan ("UDC") and Brigham Surgical Group Foundation, Inc. Faculty Benefit Retirement Plan ("FRBP") qualify as valid "top hat" plans under ERISA before conducting additional discovery in this matter.

2.  To consider the parties' cross-motions and to determine whether the UDC and FRBP qualify as valid top hat plans, the Court must review highly sensitive information concerning the personnel records and staff compensation data of Brigham and Women's Physicians Organization, Inc. and its predecessor, Brigham Surgical Group Foundation, Inc. (the "Top Hat Information"). The Top Hat Information includes, but is not limited to, confidential information concerning employee salaries and pension benefits.

3.  The parties have agreed to file a Stipulation of Facts to which both parties may refer in their cross-motions for summary judgment. The Stipulation of Facts, and the exhibits thereto, includes Top Hat Information.

4.  The parties have agreed to treat the Top Hat Information as strictly confidential. Attached hereto as Exhibit 1 is a true and accurate copy of the parties' Confidentiality Agreement. As that Agreement provides, if Top Hat Information is to be filed with the Court or otherwise used in Court proceedings, the parties may request an appropriate protective order from the Court in order to file under seal.

5.  Due to the confidential Top Hat Information that must be shared with this Court in the parties' Stipulation of Facts, and pursuant to the parties' Confidentiality Agreement, the parties request that their Stipulation of Facts, and any other summary judgment papers that reference the

2

Top Hat Information, be impounded by the Court and thereby not included or available in the public record. See, e.g., Campbell Soup Co. v. Giles, 47 F.3d 467, 472 (1st Cir. 1995) (granting motion to impound confidential information); Motzkin v. Trustees of Boston University, 938 F. Supp. 983, 1000 (D. Mass. 1995) (noting that motion to file under seal would not be granted where information was not confidential).

6.    There is no prejudice to any party by keeping the parties' Stipulation of Facts and certain other summary judgment papers impounded and there is no public interest at stake to warrant access of the record to the public.

7.    For the foregoing reasons, the parties request that the summary judgment materials containing Top Hat Information filed under seal be impounded until further order of the Court pursuant to Local Rule 7.2(a).

WHEREFORE, the parties respectfully request that this Court impound the parties' Stipulation of Facts and any other summary judgment papers that reference Top Hat Information, and allow the filing of redacted versions of the parties' summary judgment papers to be filed in the Clerk's Office.

Respectfully submitted,

For the Plaintiff,

EBEN ALEXANDER , III M.D.

For the Defendants,

BRIGHAM AND WOMEN'S PHYSICIANS
ORGANIZATION, INC., BOSTON
NEUROSURGICAL FOUNDATION INC.,
BRIGHAM SURGICAL GROUP
FOUNDATION, INC. DEFERRED
COMPENSATION PLAN,
BRIGHAM SURGICAL GROUP
FOUNDATION, INC. FACULTY
RETIREMENT BENEFIT PLAN,
COMMITTEE ON COMPENSATION OF
THE BRIGHAM SURGICAL GROUP
FOUNDATION, INC., and PETER BLACK,
M.D.,

By his attorneys,

*Colleen C. Cook/LDH*

Michael Paris (BBO No. 556791)
Colleen C. Cook (BBO No. 636359)
NYSTROM BECKMAN & PARIS
10 St. James Avenue, 16th Floor
Boston, MA, 02116
(617) 778-9100

By their attorneys,

*Laurie Drew Hubbard*

David C. Casey (BBO No. 077260)
Gregory C. Keating (BBO No. 564523)
Laurie Drew Hubbard (BBO No. 651109)
LITTLER MENDELSON, PC
One International Place, Suite 2700
Boston, MA 02110
(617) 368-6000

Dated:  April 5, 2005
Boston:6915.