UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EBEN ALEXANDER, III, M.D.<br><br>Plaintiff,<br><br>v.<br><br>BRIGHAM AND WOMEN'S PHYSICIANS ORGANIZATION, INC., successor to Brigham Surgical Group Foundation, Inc., BOSTON NEUROSURGICAL FOUNDATION INC., BRIGHAM SURGICAL GROUP FOUNDATION, INC. DEFERRED COMPENSATION PLAN, BRIGHAM SURGICAL GROUP FOUNDATION, INC. FACULTY RETIREMENT BENEFIT PLAN, COMMITTEE ON COMPENSATION OF THE BRIGHAM SURGICAL GROUP FOUNDATION, INC., and PETER BLACK, M.D.<br><br>Defendants. | Case No. 04-10738 MLW |

## CONFIDENTIALITY AGREEMENT

Defendants Brigham & Women's Physicians Organization, Inc. ("BWPO"), Brigham Surgical Group Foundation, Inc. Deferred Compensation Plan ("UDC") and Brigham Surgical Group Foundation, Inc. Faculty Retirement Benefit Plan ("FRBP") (collectively, the "Producing Parties") have agreed to produce to counsel for plaintiff Eben Alexander III, M.D. ("Plaintiff") information concerning the classification of the FRBP and the UDC as valid "top hat" plans under ERISA, 29 U.S.C. § 1001, et seq. (the "Top Hat Information"). The parties agree that this information is highly confidential and contains sensitive information concerning the finances and personnel records of BWPO and its predecessor, Brigham Surgical Group Foundation, Inc.

Therefore, the parties agree that the following procedures shall govern the production and use of all Top Hat Information produced by the BWPO, the UDC and/or the FRBP in this Action (the "Action"):

1. All Top Hat Information is hereby designated as "Confidential" and shall be held in confidence and shall not be discussed, revealed or disclosed in any manner or form, with or to any person or entity other than:

   (a) the United States District Court for the District of Massachusetts (the "Court") or any court exercising appellate jurisdiction with respect to the determinations of the Court, Court officials and employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

   (b) any named party,

   (c) counsel to the parties in the Action and attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel; and

   (d) any expert witnesses retained by any named party, subject to the provisions of Paragraph 3 below.

2. All Top Hat Information shall be used by Plaintiff and/or any individual authorized to view such information on his behalf, pursuant to paragraph 1 above, solely for purposes of preparing for and conducting the litigation of the Action and any appellate proceedings in the Action.

3. Top Hat Information may be provided to experts retained by counsel for any named party in connection with the Action to the extent necessary for such expert to prepare an opinion; to prepare to testify; or to assist counsel in the prosecution or defense of the Action, provided that such expert or consultant: (i) is using said information solely in connection with

the Action; (ii) executes a copy of the acknowledgment attached as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Agreement and consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Agreement; and (iii) agrees not to disclose or use such Top Hat Information for purposes other than those permitted hereunder.

4. If it is necessary for any party to file with the Court any Top Hat Information, or if such disclosure must be made in connection with a conference, hearing or other Court proceeding, the party seeking to file such document agrees to provide reasonable notice to other parties of such intention sufficient to provide each party a reasonable opportunity to seek an appropriate protective order to file the document under seal prior to filing.

5. After the final termination of the Action (including any appeals), counsel for Plaintiff shall promptly return all originals and copies of Top Hat Information (including excerpts and summaries) thereof to counsel for the Producing Parties, except that counsel for Plaintiff may retain documents reflecting any work product, copies of Court filings and official transcripts and exhibits, provided said retained documents and the Top Hat Information contained therein will continue to be treated as provided in this Agreement.

6. Nothing herein shall preclude any modification of this Agreement in writing with the consent of all parties hereto.

7. This Agreement shall be binding upon the parties hereto, upon their counsel of record, and upon their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents and independent contractors.

8. This Agreement is effective immediately and shall survive the conclusion of this Action. This Court shall retain jurisdiction for the purpose of enforcing the terms of this Agreement.

Agreed to this 15th day of December, 2004.

THE PARTIES:

| EBEN ALEXANDER, III M.D. | BRIGHAM AND WOMEN'S PHYSICIANS ORGANIZATION, INC., BRIGHAM SURGICAL GROUP FOUNDATION, INC. DEFERRED COMPENSATION PLAN, and BRIGHAM SURGICAL GROUP FOUNDATION, INC. FACULTY RETIREMENT BENEFIT PLAN, |
|---|---|
| By his attorneys, | By their attorneys, |
| Michael Paris (BBO No. 556791)<br>Colleen C. Cook (BBO No. 636359)<br>NYSTROM BECKMAN & PARIS<br>10 St. James Avenue, 16th Floor<br>Boston, MA, 02116<br>(617) 778-9100 | David C. Casey (BBO No. 077260)<br>Gregory C. Keating (BBO No. 564523)<br>Laurie Drew Hubbard (BBO No. 651109)<br>LITTLER MENDELSON, PC<br>One International Place, Suite 2700<br>Boston, MA 02110<br>(617) 378-6000 |

8.  This Agreement is effective immediately and shall survive the conclusion of this Action. This Court shall retain jurisdiction for the purpose of enforcing the terms of this Agreement.

Agreed to this 15th day of December, 2004.

THE PARTIES:

EBEN ALEXANDER, III M.D.

By his attorneys,

BRIGHAM AND WOMEN'S PHYSICIANS ORGANIZATION, INC., BRIGHAM SURGICAL GROUP FOUNDATION, INC. DEFERRED COMPENSATION PLAN, and BRIGHAM SURGICAL GROUP FOUNDATION, INC. FACULTY RETIREMENT BENEFIT PLAN,

By their attorneys,

Michael Paris (BBO No. 556791)
Colleen C. Cook (BBO No. 636359)
NYSTROM BECKMAN & PARIS
10 St. James Avenue, 16th Floor
Boston, MA, 02116
(617) 778-9100

David C. Casey (BBO No. 077260)
Gregory C. Keating (BBO No. 564523)
Laurie Drew Hubbard (BBO No. 651109)
LITTLER MENDELSON, PC
One International Place, Suite 2700
Boston, MA 02110
(617) 378-6000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EBEN ALEXANDER, III, M.D.<br><br>Plaintiff,<br><br>v.<br><br>BRIGHAM AND WOMEN'S PHYSICIANS ORGANIZATION, INC., successor to Brigham Surgical Group Foundation, Inc., BOSTON NEUROSURGICAL FOUNDATION INC., BRIGHAM SURGICAL GROUP FOUNDATION, INC. DEFERRED COMPENSATION PLAN, BRIGHAM SURGICAL GROUP FOUNDATION, INC. FACULTY RETIREMENT BENEFIT PLAN, COMMITTEE ON COMPENSATION OF THE BRIGHAM SURGICAL GROUP FOUNDATION, INC., and PETER BLACK, M.D.<br><br>Defendants. | Case No. 04-10738 MLW |

## EXHIBIT A – EXPERT DECLARATION AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I am to review certain information and documents produced by Brigham & Women's Physicians Organization, Inc. ("BWPO"), Brigham Surgical Group Foundation, Inc. Deferred Compensation Plan ("UDC") and Brigham Surgical Group Foundation, Inc. Faculty Retirement Benefit Plan ("FRBP") (collectively, the "Producing Parties") concerning the classification of the FRBP and the UDC as valid "top hat" plans under ERISA, 29 U.S.C. § 1001, et seq. (the "Top Hat Information") and that the Top Hat Information has been designated as Confidential pursuant to the terms of the Confidentiality Agreement in the case of <u>Alexander v. Brigham & Women's Physicians Organization, Inc., et al.</u>, United States

District Court for the District of Massachusetts Docket No. 04-10738 MLW. In consideration of the disclosure to me of certain Top Hat Information which is subject to the Confidentiality Agreement, I acknowledge receipt of a copy of that Confidentiality Agreement, and certify as follows in connection therewith:

1. I have read the Confidentiality Agreement governing the confidentiality of the Top Hat Information.

2. I agree that any Top Hat Information in my custody will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with terms of said Confidentiality Agreement.

3. I also understand and agree that any summaries or other documents containing Top Hat Information shall also be treated by me as confidential.

4. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Confidentiality Agreement.

5. I agree to return any Top Hat Information obtained from a party in connection with my services on behalf of that party, or dispose of all such confidential materials and all summaries or other documents containing knowledge or information obtained therefrom in such manner as I may be instructed after completing my services.

6. I understand that if I violate the terms of the Confidentiality Agreement, I may be subject to an enforcement proceeding before a Court of the Commonwealth of Massachusetts or the United States District Court for the District of Massachusetts. I agree to submit myself to the personal jurisdiction of such Court in connection with any proceedings concerning the Confidentiality Agreement.

Dated: _____

_____
Name:
Address:

Boston:5320.2 047950.1002