B

# DEFERRED COMPENSATION PLAN

*(an unfunded plan)*

*Adopted June 22, 1982*

**BRIGHAM SURGICAL GROUP FOUNDATION, Inc.**

*110 Cypress Street*

*Brookline, MA 02146*

# DEFERRED COMPENSATION PLAN

*(an unfunded plan)*

June 22, 1982

## THE BRIGHAM SURGICAL GROUP FOUNDATION, INC.

### Unfunded Deferred Compensation Plan

I - RECITALS

1.01 **Employer.** The "Employer" is the Brigham Surgical Group Foundation, Inc., a tax-exempt corporation organized under Massachusetts laws to carry out the purposes of Harvard Medical School relating to the education and training in the field of surgery of undergraduates enrolled in said school and to teach surgery to surgical residents, by conducting the Department of Surgery at the Brigham and Women's Hospital in Boston, Massachusetts. The performance of surgery is the Employer's primary medium of instruction and the primary source of support for its educational activities.

1.02 **Employees.** The "Employees" are surgeons who are members of the full-time faculty of the Harvard Medical School and are employed by the Employer to perform and teach surgery in the clinical setting of the Brigham and Women's Hospital by collaborating with students and residents in the practice of surgery, in research, and in the development of theory. The Employees are paid by the Employer which (with few exceptions) is their only source of earned income and which is required to observe certain limitations imposed by the Harvard Medical School on the total compensation which may be earned by members of its full-time faculty.

1.03 **Committee on Compensation.** The By-Laws of the Employer give to the Committee on Compensation exclusive authority to determine the compensation of Employees. The Committee is controlled by outside Directors of the Employer, who represent the public interest. The Committee was established by agreement with the Internal Revenue Service in settlement of a United States Tax Court case relating to the exempt status of the Employer.

II - DEFERRAL OF COMPENSATION

2.01 **Amount Credited.** If the total compensation of an Employee established by the Committee exceeds the maximum permissible amount of compensation payable currently in cash or fringe benefits under the limitations imposed by Harvard Medical School, 50% of the excess (but not more than the maximum permissible amount of deferred compensation under said limitations) shall be credited by the Employer to a deferred compensation liability account payable to such Employee. The credit shall be recorded as of the last day of the Employer's fiscal year or as of such other date or dates as the Committee may decide.

2.02 **Funding of Deferred Payments.** The right of an Employee to payment of his or her deferred compensation shall be an unsecured contractual right, even if the Employer on its own initiative or at the request of the Employee purchases insurance or makes other investments as the source of future payment hereunder, and even if the insurance or other investments are earmarked with the Employee's name; that is, the Employee shall have no security interest in or similar claim to the asset.

2

2.03  **Adjustments.**  If the Employee requests the Employer to invest in one or more securities, mutual funds or insurance policies to hold as the source of future payment hereunder, and if the Employer (which shall have no obligation to do so) complies, then the balance of the Employee's deferred compensation account shall reflect the amount of any net income, loss, change in value or administrative expense directly attributable to the investment.

2.04  **Forfeitability.**  An Employee's right to his or her deferred compensation shall be an unconditional obligation of the Employer except as follows:

(a) If the Employee attempts to assign or otherwise alienate his or her rights hereunder (except as otherwise provided herein) then he or she shall forfeit all deferred compensation previously accrued hereunder, the attempted assignment or alienation shall be ineffectual, and no further rights shall accrue hereunder while the attempted assignment or alienation in effect.

(b) If the Employee is convicted of any crime against the Employer or is found by the Committee to be guilty of an act or omission gravely injurious to the reputation or other interests of the medical profession, the Employee, Harvard Medical School or Brigham and Women's Hospital the Committee may, in its discretion, declare forfeited any deferred compensation of such Employee previously accrued hereunder.

2.05  **Set-Off.**  Section 2.04 above, notwithstanding, the Employer shall have the right to set off its liability to an Employee hereunder against any debt or other liability of the Employee to the Employer.

III - PAYMENT

3.01  **Normal Form.**  The deferred compensation liability account payable to an Employee shall be charged with periodic payments beginning within the first 60 days after retirement, in such amounts and at such intervals as the Committee may direct for the purpose of reducing the balance of such account (subject to adjustments pursuant to Section 2.03 above, which shall continue) to zero within 20 years after retirement. Retirement is the termination of employment after attainment of age 66 or, if termination of employment occurs earlier, attainment of age 66.

3.02  **Alternative Forms; Early Retirement.**  Alternative forms of retirement benefit (including a lump sum) and retirement before age 66 are available only on a negotiated basis.

3.03  **Death Benefit.**  The death of the Employee shall not result in forfeiture. If death occurs before retirement the Employee shall be deemed to have retired on the date of death. If death occurs after retirement, any payments which have not yet been made shall be made when they would otherwise have been due. Payments after the death of an Employee shall be made to the beneficiary or beneficiaries designated and upon the conditions stated in a signed designation given by the Employee to the Plan Administrator or, if no other designation is in effect, to the Employee's widow or widower, if she or he is living at the payment date and, if not, by right of representation to the Employee's issue then living, if any, and, if none is then living, to those who would take the Employee's

3

estate under the Massachusetts intestacy laws in effect and applied as if the Employee had died at the payment date.

## IV - MISCELLANEOUS

**4.01 Named Fiduciary; Plan Administrator.** For purposes of any applicable laws regarding pension plans, the Committee on Compensation shall be the fiduciary generally responsible for the control and management of the Plan, and the Employer's Administrator shall be the Plan Administrator.

**4.02 Claims and Review.** All inquiries and claims respecting the Plan shall be in writing directed to the Plan Administrator. In the case of a claim respecting a benefit, a written determination allowing or denying the claim shall be furnished to the claimant promptly upon receipt of the claim. A denial or partial denial of a claim shall be dated and signed by the Plan Administrator and shall clearly set forth the following information:

(a) the specific reason or reasons for the denial;

(b) specific reference to the pertinent Plan provisions on which the denial is based;

(c) a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;

(d) an explanation of the review procedure set forth below.

If no written determination is furnished to the claimant within thirty (30) days after receipt of the claim, then the claim shall be deemed denied and the thirtieth (30th) day after such receipt shall be the determination date.

A claimant may obtain review of an adverse determination by filing a written notice of appeal with the Committee on Compensation within sixty (60) days after the determination date, or, if later, the receipt of a written notice denying the claim. Thereupon the Committee shall appoint one or more persons who shall conduct a full and fair review, which shall include the right:

(a) to be represented by a spokesman;

(b) to present a written statement of the facts and of the claimant's interpretation of any pertinent document, statute or regulation; and

(c) to receive a prompt written decision clearly setting forth findings of fact and the specific reasons for the decision written in a manner calculated to be understood by the claimant and containing specific references to pertinent Plan provisions on which the decision is based.

A decision shall be rendered no more than sixty (60) days after the request for review, except that such period may be extended for an additional sixty (60) days if the person or persons reviewing the claim determine that special circumstances, including the advisability of a hearing, require such extension. The Committee may appoint itself, one or more of

4

its number, or any other person or persons whether or not connected with the Employer to review a claim.

If benefits under the Plan are provided for in an insurance contract, group prepayment contract or other similar agreement and if the contract so provides, review of a claim shall be made by the insurance company or other contracting organization and the Plan Administrator shall so advise the claimant.

All applicable governmental regulation regarding claims and review shall be observed.

4.03 **Governing Law.** This document is governed by Massachusetts laws, except to the extent such laws may be preempted by any applicable Federal laws governing pension plans.

4.04 **Waivers, etc.** This Plan can be amended only by a written document adopted by the Committee on Compensation. No waiver of any breach or non-observance of any condition shall be deemed to be an amendment or consent to future breach or non-observance by any party. The Plan shall not give any Employee the right to continued employment. The Plan is in addition to and not in place of any other plan or arrangement, whether constituting part of a contract of employment or not, affecting the Employee.

5

THE BRIGHAM SURGICAL GROUP FOUNDATION, INC.

Unfunded Deferred Compensation Plan

Designation of Beneficiary

Section 3.03 of the above-titled Plan authorizes an Employee to designate a beneficiary or beneficiaries, stating the conditions under which they will benefit, with respect to death benefits. The designation is to be in a document signed by the Employee and given to the Plan Administrator (namely, the Administrator of the Brigham Surgical Group Foundation, Inc.).

Accordingly, the undersigned Employee hereby designates* the following beneficiary or beneficiaries, upon the conditions stated:

EXECUTED at Boston, Massachusetts as a sealed instrument this            day of           , 19  .

Employee: _____

Witness: _____

\*   Employees are encouraged to seek professional advice before designating their beneficiaries.