SCANNED
DATE: 5-17-05
BY: *[signature]*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EBEN ALEXANDER, III, M.D.                          )
                                                   )
                Plaintiff,                         )          Case No. 04-10738 MLW
                                                   )
        v.                                         )
                                                   )
BRIGHAM AND WOMEN'S PHYSICIANS                     )
ORGANIZATION, INC., successor to                   )
Brigham Surgical Group Foundation, Inc.,           )
BOSTON NEUROSURGICAL FOUNDATION                    )
INC., BRIGHAM SURGICAL GROUP                       )
FOUNDATION, INC. DEFERRED                           )
COMPENSATION PLAN, BRIGHAM                          )
SURGICAL GROUP FOUNDATION, INC.                     )
FACULTY RETIREMENT BENEFIT                          )
PLAN, COMMITTEE ON COMPENSATION                     )
OF THE BRIGHAM SURGICAL GROUP                       )
FOUNDATION, INC., and                               )
PETER BLACK, M.D.                                   )
                                                    )
                Defendants.                         )
                                                    )

**DEFENDANTS' LOCAL RULE 56.1**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1, defendants Brigham and Women's Physicians

Organization, Inc., Boston Neurosurgical Foundation, Inc., Brigham Surgical Group

Foundation, Inc. Deferred Compensation Plan, Brigham Surgical Group Foundation, Inc.

Faculty Benefit Retirement Plan, Committee on Compensation of the Brigham Surgical

Group Foundation, Inc. and Peter Black (collectively, "defendants") submit this

statement of undisputed material facts in support of Defendants' Motion for Summary

Judgment.

***Plaintiff's Employment with Brigham Surgical Group***

1.      The Brigham Surgical Group Foundation, Inc. ("BSG") hired plaintiff Eben Alexander III, M.D. ("plaintiff") in 1988.[1]  (Agreed Statement of Facts for Cross Summary Judgment Motions ("Ag. Facts") ¶ 1)  Plaintiff, a neurosurgeon, worked for the BSG and its successor, BWPO, until April 2001.  (*Id.*)

2.      BSG was a non-profit, tax-exempt organization which employed, among others, surgeons, some of whom were full-time members of the Harvard Medical School faculty.  (Ag. Facts ¶ 2, 10)

3.      BSG's workforce consisted of professional staff (primarily surgeons) and non-professional staff.  (Ag. Facts ¶¶ 7-11)  During the relevant time period of 1997-1999, the compensation range for professional staff exceeded that for non-professional staff.  (Ag. Facts ¶ 12)

***BSG Compensated Its Surgeons Pursuant to the BSG Professional Staff Compensation Policy.***

4.      BSG's Professional Staff Compensation Policy (the "Compensation Policy") governed the compensation of all BSG surgeons, including plaintiff.  (Ag. Facts ¶ 3, Exhibit A)

5.      Under the Compensation Policy, net practice income ("NPI") was calculated annually by finding the difference between the income resulting from each surgeon's operating room-teaching activity and expenses during the academic year.  (Ag. Facts, Appendix A to Exhibit A)  BSG member expenses include all direct and allocated expenses incurred by or on behalf of the surgeon involved plus a departmental charge

---

[1] In January 2001, Brigham & Women's Physicians Organization, Inc. ("BWPO") became the successor in interest to BSG.  Ag. Facts ¶ 1.

equal to a percentage of net receipts attributable to the member's operating room-teaching activity during the academic year. (*Id.*)

### *BSG Maintained Two Unfunded Deferred Compensation Plans For Its Most Highly Compensated Surgeons.*

6.      Throughout Plaintiff's employment, BSG maintained two unfunded deferred compensation plans for certain of its surgeons, the Unfunded Deferred Compensation Plan ("UDC") and the Faculty Benefit Retirement Plan ("FRBP") (collectively, the "Plans"). (Ag. Facts ¶ 4, Exhibits B & C)  The Plans provided a means for BSG's most highly compensated surgeons to defer compensation. (Ag. Facts ¶ 5)

7.      To participate in the Plans, a BSG employee had to satisfy three criteria. (Ag. Facts ¶ 13)  He had to be (1) a surgeon, (2) a full-time member of the Harvard Medical School faculty, and (3) he had to generate NPI in excess of the Harvard salary cap. (*Id.*)  Employees who did not satisfy all three requirements were not eligible to participate in the Plans. (*Id.*)

8.      If a surgeon generated NPI in excess of the Harvard salary cap, an amount up to 25% of the surgeon's total salary would be credited to the FRPB. (Ag. Facts ¶ 15, Exhibit A ¶¶ 5-6)  If any NPI remained, certain contributions to the surgeon's 401(a) qualified pension plan would be deducted, and 50% of the remaining NPI would be credited to the UDC. (*Id.*)

9.      Few BSG employees satisfied the eligibility criteria necessary to participate in the Plans. In fiscal year 1997, 17 of BSG's 241 employees, or 7.1% of the total workforce, were eligible to participate in the Plans. (Ag. Facts ¶ 16)

10.      In fiscal year 1998, 14 of BSG's 324 employees, or 5.1% of the total workforce, were eligible to participate in the Plans. (Ag. Facts ¶ 17)

11.    In fiscal year 1999, 15 of BSG's 324 employees, or 4.6% of the total workforce, were eligible to participate in the Plans.  (Ag. Facts ¶ 18)

Respectfully submitted,

BRIGHAM AND WOMEN'S
PHYSICIANS ORGANIZATION, INC.,
BOSTON NEUROSURGICAL
FOUNDATION INC., BRIGHAM
SURGICAL GROUP FOUNDATION, INC.
DEFERRED COMPENSATION PLAN,
BRIGHAM SURGICAL GROUP
FOUNDATION, INC. FACULTY
RETIREMENT BENEFIT PLAN,
COMMITTEE ON COMPENSATION OF
THE BRIGHAM SURGICAL GROUP
FOUNDATION, INC., and PETER
BLACK, M.D.,

By their attorneys,

David C. Casey (BBO No. 077260)
Gregory C. Keating (BBO No. 564523)
Laurie Drew Hubbard (BBO No. 651109)
LITTLER MENDELSON, PC
One International Place, Suite 2700
Boston, MA 02110
(617) 378-6000

Dated:  May 16, 2005

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each other party by hand on May 16, 2005.

Laurie Drew Hubbard

Firmwide:32208146.1