*Document Electronically Filed*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EBEN ALEXANDER, III, M.D. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIGHAM AND WOMEN'S PHYSICIANS )<br>ORGANIZATION, INC., successor to )<br>Brigham Surgical Group Foundation, Inc., )<br>BOSTON NEUROSURGICAL FOUNDATION )<br>INC., BRIGHAM SURGICAL GROUP )<br>FOUNDATION, INC. DEFERRED )<br>COMPENSATION PLAN, BRIGHAM )<br>SURGICAL GROUP FOUNDATION, INC. )<br>FACULTY RETIREMENT BENEFIT )<br>PLAN, COMMITTEE ON COMPENSATION )<br>OF THE BRIGHAM SURGICAL GROUP )<br>FOUNDATION, INC., and )<br>PETER BLACK, M.D. )<br>)<br>Defendants. ) | Case No. 04-10738 MLW |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF NORMAN STEIN

Defendants Brigham and Women's Physicians Organization, Inc., et al. (collectively, "defendants") submit this motion in limine to exclude the proffered testimony of Norman Stein, whom plaintiff intends to call as a legal "expert" at trial. Stein's opinions should be excluded because testimony on the law is not warranted in this case, and because Stein concedes that he is not an expert on top hat plans.

## BACKGROUND

A tax professor at the University of Alabama Law School, who has written generally on pension and tax policy,[1] plaintiff would have Normal Stein testify in this case regarding the broad purposes of ERISA in general and the meaning of the top hat exemption in particular. In light of this proffer, defendants deposed Stein under Fed. R. Civ. P. 26(c) on August 22, 2006. Relevant transcript excerpts are attached as Exhibit 2. In his testimony, Stein made the following concessions:

- He has never written about or studied specifically the analytical framework for determining whether a top hat plan is *bona fide*. Deposition of Norman P. Stein ("Stein Dep.") at 23:16 – 24:3.

- His opinions in this matter are based his review of relevant case law and other authority (which he undertook in preparation for this litigation only) and on a single experience redrafting a top hat plan thirty years ago. Stein Dep. at 9:19-10:11; 24:14-16; 25:1-6.[2]

## LEGAL ARGUMENT

Rule 702 of the Federal Rules of Evidence requires the Court to ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993); *General Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999). Under Rule 702, expert testimony is appropriate if "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to

---

[1] *See* plaintiff's May 24, 2006 Expert Disclosure, attached as Exhibit 1.
[2] Though not relevant to admissibility, it is noteworthy that Professor Stein also conceded that (1) neither the statute nor the relevant Department of Labor opinion letters construing same require that an employer actually negotiate with an employee in order to create a valid top hat plan (Stein Dep. at 27:20-28; 35:13-36:2); (2) he is aware of only three or four cases – and no Department of Labor rulings – in which a top hat plan has been voided for failure to satisfy ERISA's primary purpose or select group requirements for same (Stein Dep. at 19:11-17; 21:6-10); (3) no court has invalidated a top hat plan because of its primary purpose (Stein Dep. at 80:18-20); (4) he cannot identify a single group top hat plan that he has ever seen which, in its language or in fact, provided plan participants with the opportunity to negotiate over its terms (Stein Dep. at 65:16-23); and (5) of the millions of top hat plans in place in the United States, only three or four have ever been voided by a court for reasons other than funding (Stein Dep. at 80:11-17).

determine a <u>fact</u> in issue." (emphasis added). The burden of establishing the admissibility of expert testimony is on the party offering it, and must be shown by a preponderance of the evidence. *Daubert*, 509 U.S. at 592; *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999).

### A. Stein's Testimony Is Not Warranted Because The Court Is The Legal Expert.

An expert may not testify regarding his legal opinion or application of law to facts because "resolving doubtful questions of law is the distinct and exclusive province of the trial judge." *U.S. v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1998). "Each courtroom comes equipped with a 'legal expert' called a judge, and it is his or her province alone to [address] the relevant legal standards." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997); *see also Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) ("At least seven circuit courts have held that the Federal Rules of Evidence prohibit [expert testimony on the law] and we now join them as to the general rule"); *Marx & Co. v. The Diners' Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977); *United States v. Buchanan*, 964 F. Supp. 533, 537 (D. Mass. 1997) ("[t]o the extent that [the proffered expert's] testimony recounts issues of law . . . it invades the judge's function").[3]

Here, plaintiff proffers Stein as an expert witness to testify concerning (1) his opinion about Congress' intent in creating the top hat exception to ERISA's vesting, reporting and fiduciary duty requirements; (2) BSG surgeons' "bargaining power;" (3)

---

[3] In fact, "[t]he rule prohibiting experts from providing their legal opinions or conclusions is 'so well-established that it is often deemed a basic premise or assumption of evidence law – a kind of axiomatic principle.'" *In re Initial Public Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (quoting Thomas Baker, "The Impropriety of Expert Witness Testimony on the Law," 40 U. Kan. L. Rev. 325, 352 (1992)).

the purposes of the UDC and FRBP; and (4) whether they constitute valid top hat plans. In doing so, plaintiff identifies nothing about this case, or Stein's proffer, to except it from the general rule prohibiting expert legal testimony.[4]

### B.   Stein Concedes That He Is Not An Expert On Top Hat Plans.

Under *Daubert*, the court serves as a "gatekeeper" to ensure that "any and all [expert testimony] is not only relevant, but reliable." 509 U.S. at 589. Thus, proffered expert testimony will not be admitted unless it has "a reliable basis in the knowledge and experience of [the relevant] discipline." *Id.* at 592; *see also Kuhmo Tire Co.,* 526 U.S. at 152 (*Daubert's* requirements are "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."). Stein's testimony falls far short of this standard.

In a case that has nothing to do with tax policy relating to the private pension system generally, and profit-sharing plans, which appear to be Stein's fields, Stein admitted in deposition that he has never studied specifically or written about the analytical framework for determining whether or not a top-hat plan is *bona fide*. Stein Dep. at 23:16 – 24:10. Said differently, Stein has not studied or published any peer-reviewed articles on the specific issues in this case. Rather, his opinions rest on his recent reading – for this litigation only – of the same cases and Department of Labor

---

[4] The First Circuit has noted that expert testimony on legal issues may be allowed in very rare circumstances. *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100-01 (1st Cir. 1997). The Court has identified three: (1) where the definition of what is law and what is application or practice is difficult to discern; (2) in legal malpractice actions; and (3) in rare, highly complex and technical matters, such as "patent litigation in which technical experts are generally allowed to comment on the scope of a patent's coverage and give their conclusions on the issue of infringement." *Id.* None of these circumstances apply to this case. Whether the UDC and FRBP constitute valid top hat plans rests on the anticipated testimony of those individuals who designed and implemented the plans and other factual evidence concerning participation in the plans.

rulings that the Court has considered. As such, Stein does not qualify as an expert concerning the relevant issue in this case: whether the UDC and FRBP constitute bona fide top hat plans, and how precisely the Court is to determine same.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant its Motion in Limine to exclude the testimony of Norman Stein.

                Respectfully submitted,

                BRIGHAM AND WOMEN'S PHYSICIANS ORGANIZATION, INC., BOSTON NEUROSURGICAL FOUNDATION INC., BRIGHAM SURGICAL GROUP FOUNDATION, INC. DEFERRED COMPENSATION PLAN, BRIGHAM SURGICAL GROUP FOUNDATION, INC. FACULTY RETIREMENT BENEFIT PLAN, COMMITTEE ON COMPENSATION OF THE BRIGHAM SURGICAL GROUP FOUNDATION, INC., and PETER BLACK, M.D.,

                By their attorneys,

                /s/ David C. Casey
                David C. Casey (BBO No. 077260)
                Gregory C. Keating (BBO No. 564523)
                Laurie Drew Hubbard (BBO No. 651109)
                LITTLER MENDELSON, PC
                One International Place, Suite 2700
                Boston, MA 02110
                 (617) 378-6000

Dated: September 25, 2006

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2006, a true and accurate copy of the foregoing Defendants' Motion in Limine to Exclude the Testimony of Norman Stein, filed through the ECF system, will be sent electronically and by hand to the registered participants as identified on the Notice of Electronic Filing.

/s/ David C. Casey

Firmwide:81505580.1 047950.1002