UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EBEN ALEXANDER, III, M.D. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIGHAM AND WOMEN'S PHYSICIANS )<br>ORGANIZATION, INC., successor to )<br>Brigham Surgical Group Foundation, Inc., )<br>BOSTON NEUROSURGICAL FOUNDATION )<br>INC., BRIGHAM SURGICAL GROUP )<br>FOUNDATION, INC. DEFERRED )<br>COMPENSATION PLAN, BRIGHAM )<br>SURGICAL GROUP FOUNDATION, INC. )<br>FACULTY RETIREMENT BENEFIT )<br>PLAN, COMMITTEE ON COMPENSATION )<br>OF THE BRIGHAM SURGICAL GROUP )<br>FOUNDATION, INC., and )<br>PETER BLACK, M.D. )<br>)<br>Defendants. ) | Case No. 04-10738-MLW |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE LATE
PRODUCED "NEW" VERSIONS OF THE UDC AND FRBP**

**INTRODUCTION**

Plaintiff Eben Alexander, III, M.D. respectfully requests that the Court exclude as evidence at trial versions of the Unfunded Deferred Compensation plan ("UDC") and Faculty Retirement Benefit Plan ("FRBP") produced by Defendants for the first time in July 2006 – over two years after the case was filed and after the original trial date of May 1, 2006. With no support, by affidavit or otherwise, Defendants contend that the "new" versions are the operative documents and seek to disavow the parties' prior stipulation which identified the relevant plans. (See Agreed Statement of Facts for Cross Summary Judgment Motions dated April 8, 2005).

The Court should exclude the "new" versions as evidence at trial because:

- Defendants have failed to offer a substantial justification for the belated disclosure of the "new" versions. See Fed. R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed.");

- Defendants are bound by the parties' prior stipulation which identified the relevant versions of the plans. Morales Feliciano v. Rullan, 303 F.3d 1, 8 (1st Cir. 2002) ("A party's stipulations are binding on that party and may not be contradicted by him at trial or on appeal.");

- The "new" versions contradict the Affidavit of Kenneth Holmes and documentary evidence produced by Defendants; and,

- Defendants have failed to provide any evidence that the "new" versions were ever implemented.

For these reasons, and as set forth more fully below, Plaintiff respectfully requests the Court exclude the "new" versions of the plans from evidence at trial.

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

This action was filed in April 2004. Attached to the Complaint were copies of the UDC and FRBP, which are at issue in this case. In April 2005, the parties filed cross-motions for summary judgment and submitted Agreed Statement of Facts in connection with those motions. The parties stipulated to the relevant versions of the UDC and FRBP in the Agreed Statement of Facts. (Copies of the stipulated versions of the UDC and FRBP are attached hereto as Exhibits B and C, respectively). After the Court denied the cross summary judgment motions, the parties conducted the depositions of the plaintiff and the key witnesses for the defendants. The case was scheduled for trial on May 1, 2006, but was continued by the Court *sua sponte*.

On July 19, 2006, Defendants produced for the first time "new" versions of the UDC and FRBP and contended that the versions previously submitted to the Court by stipulation were not

the versions in effect from 1997 through 1999. The "new" versions contain different language from the stipulated versions concerning eligibility to participate in the plans. (The differences between the versions are set forth in the chart attached hereto as Exhibit A. Copies of the "new" versions of the UDC and FRBP are attached hereto as Exhibits D and E, respectively).

## ARGUMENT

I.   **The "New" Versions of the UDC and FRBP Should Be Excluded**

The Court may exclude documents as evidence at trial based on a party's belated disclosure of such documents. <u>Wilson v. Bradlees of New England, Inc.</u>, 250 F.3d 10, 19-20 (1st Cir. 2001) (affirming exclusion of expert videotapes produced after discovery deadline); <u>Lohnes v. Level 3 Communications, Inc.</u>, 272 F.3d 49, 60 (1st Cir. 2001) ("We have explained before that Rule 37(c)(1) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion."), quoting <u>Klonoski v. Mahlab</u>, 156 F.3d 255, 269 (1st Cir. 1998); Fed. R. Civ. P. 37(c)(1). "[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction." <u>Wilson</u>, 250 F.3d at 21 (citations omitted). As set forth below, Defendants cannot sustain this burden.

A.   **Defendants' Production of the "New" Versions is Untimely**

As a threshold matter, the Court should exclude the "new" versions from evidence at trial based on Defendants' belated production. This case was originally scheduled for trial on May 1, 2006. Had the trial proceeded as scheduled, Defendants would not have even discovered the "new" versions by the time of trial. It is simply too late for Defendants to identify different versions of the UDC and FRBP at this stage.

### B. Defendants Are Bound by Their Prior Stipulation of Facts

In April 2005, the parties stipulated to the relevant versions of the UDC and FRBP. The parties have relied upon those versions throughout this entire litigation, including for purposes of summary judgment, document requests, interrogatories, retention of experts, and the depositions of the principal fact witnesses. Defendants are bound by their prior stipulation and should be precluded from introducing other versions at trial. Parolin v. City of Boston, 327 F. Supp. 101, 109 (D. Mass. 2004) (holding party to "their voluntarily concluded stipulations"), citing Morales Feliciano, 303 F.3d at 8.

### C. The "New" Versions of the Plans Contradict Other Evidence Produced by Defendants

In January 2006, Defendants served Plaintiff with a proffer of evidence concerning the purported bargaining power of the BSG surgeons in relation to the terms of the UDC and FRBP ("January 2006 Proffer"). The January 2006 Proffer was based, in part, on an affidavit from Kenneth Holmes, BSG's former Chief Financial Officer, and certain meeting minutes of the BSG's Executive Committee and Committee on Compensation. The Holmes affidavit described certain changes to the UDC in 1992 as follows:

> 21. On December 4, 1992, the Executive Committee voted to recommend that the Committee on Compensation adopt the following changes to the UDC and FRBP: (i) Members hired after October 31, 1992 at the rank of Instructor or Assistant Professor would not be eligible to participate in the UDC and FRBP during their first three full years of employment; and (ii) Members holding the position of Instructor would no longer be eligible to participate in the UDC effective July 1, 1994.

(See Affidavit of Kenneth Holmes dated December 16, 2005 attached hereto as Exhibit F. See also Minutes of the Executive Committee Meeting dated December 4, 1992 attached hereto as Exhibit G and Minutes of the Committee on Compensation Meeting dated November 3, 1993 attached hereto as Exhibit H). When Defendants produced the "new" versions of the UDC and

FRBP, they claimed that the "new" versions reflect the same changes as set forth in the January 2006 Proffer.

Upon close inspection of the "new" version of the UDC, however, it is not consistent with the Holmes Affidavit and the meeting minutes submitted in support of the January 2006 Proffer. More specifically, the "new" version of the UDC states in its Preamble and in Section 1.02 that, "Employees at the rank of Instructor hired after 10/31/92 shall not be Eligible Employees until the completion of three (3) full years of employment with the Employer **and promotion to the rank of Assistant Professor**." (See Ex. D) (emphasis added). In contrast, the Holmes Affidavit and the meeting minutes omit the "promotion to the rank of Assistant Professor" language in referring to the 1992 changes to the UDC. (See Exs. F, G & H). Defendants have offered no explanation for these inconsistencies and cannot cast the "new" versions as simply reflective of the information in the January 2006 Proffer.

Further, the "new" version of the UDC contains glaring errors that make it appear to be a draft rather than a final document. For example, the cover page states that it was "Revised 10/31/92" but the document's original date of "June 22, 1982" still appears in the upper right hand corner of each page of the "new" version. As another example, the page numbering is incorrect and reads on page five: "Page 5 or [sic] 4." Similarly, with respect to the FRBP, the "new" version was not signed by Dr. Mannick whereas the stipulated version is signed. Finally, Defendants have offered no affidavit or other evidence to support that the "new" versions were ever implemented.

In sum, it would be highly prejudicial to Dr. Alexander to permit Defendants to introduce the "new" versions of the plans at trial and they should be excluded.

## CONCLUSION

For all of the above reasons, Plaintiff respectfully requests that the Court exclude the "new" versions of the UDC and FRBP as evidence at trial.

> Respectfully submitted,
>
> EBEN ALEXANDER, III, M.D.
>
> By his attorneys,
>
> /s/ Colleen C. Cook
> Michael Paris (BBO #556791)
> Colleen C. Cook (BBO#636359)
> NYSTROM BECKMAN & PARIS LLP
> 10 St. James Avenue, 16th Floor
> Boston, Massachusetts 02116
> (617) 778-9100

Dated: September 25, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon David Casey, Esq., counsel for defendants, by electronic mail and first class mail on September 25, 2006.

> /s/ Colleen C. Cook
> Colleen C. Cook