*Document Electronically Filed*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
EBEN ALEXANDER, III, M.D.                       )
                                                )
                    Plaintiff,                  )    Case No. 04-10738 MLW
                                                )
        v.                                      )
                                                )
BRIGHAM AND WOMEN'S PHYSICIANS                  )
ORGANIZATION, INC., successor to                )
Brigham Surgical Group Foundation, Inc.,        )
BOSTON NEUROSURGICAL FOUNDATION                 )
INC., BRIGHAM SURGICAL GROUP                    )
FOUNDATION, INC. DEFERRED                       )
COMPENSATION PLAN, BRIGHAM                      )
SURGICAL GROUP FOUNDATION, INC.                 )
FACULTY RETIREMENT BENEFIT                      )
PLAN, COMMITTEE ON COMPENSATION                 )
OF THE BRIGHAM SURGICAL GROUP                   )
FOUNDATION, INC., and                           )
PETER BLACK, M.D.                               )
                                                )
                    Defendants.                 )
_____ )

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REVISED VERSIONS OF THE UDC AND FRBP

In his Motion in Limine to Exclude "New" Versions of the UDC and FRBP, plaintiff asks the Court to penalize defendants for complying with their discovery obligations under Fed. R. Civ. P. 26(e). On July 19, 2006, defendants informed plaintiff that they had recently discovered revised versions of the Unfunded Deferred Compensation Plan and Faculty Retirement Benefit Plan. As they explained to plaintiff at that time, the revised plans reflect changes that defendants initially disclosed to plaintiff in their January 2006 Proffer. Those changes also were reflected in various documents that defendants previously produced, and about which plaintiff's counsel

deposed both Dr. Mannick and Mr. Holmes in April 2006.  Nonetheless, plaintiff now asks the Court to exclude the revised plans that were in operation during the relevant time period, but provides no basis for such harsh action.  Because this is a truth-seeking process, and plaintiff advances no evidence of prejudice, his motion in limine should be denied.

## FACTUAL BACKGROUND

Plaintiff filed this action in April 2004.  At that time, he attached as exhibits to his Complaint copies of the UDC dated June 22, 1982 and the FRBP dated July 1, 1989 and amended July 29, 1991.

In January 2006, defendants sent plaintiff their unsolicited "Proffer Regarding BSG Member Bargaining Power Concerning the Terms and Administration of the FRBP and UDC."  A true and accurate copy is attached as Exhibit 1.  It described the process through which BSG members could propose changes to the plans and various changes BSG implemented.  It was supported by affidavits and BSG documents reflecting same.

In April 2006, defendants produced over 1,000 pages of documents in response to plaintiff's extensive document requests.  Given the amount of time that has lapsed since the creation of the plans, and the various changes in personnel and corporate structure during that period, this task was an onerous one.  Michael Jackson, the current Director of Finance for the Department of Surgery, and his staff, reviewed extensive paper and electronic files searching for all potentially responsive documents.  They also recalled many boxes of documents from storage to review.

Shortly after defendants produced their documents, plaintiff deposed Dr. John Mannick, the former President of BSG, and Kenneth Holmes, the group's former CFO.

Counsel for plaintiff asked both witnesses about various revisions to the plans, including the changes to their eligibility criteria implemented in late 1992 that are reflected in the documents now in question.

On April 19, 2006, the Court informed the parties that the trial in this matter, previously scheduled for May 1, 2006, had been postponed. Defendants located the revised versions of the UDC and FRBP, both dated October 31, 1992, thereafter. More specifically, Mr. Jackson found the revised version of the UDC and FRBP in an unrelated electronic sub-file and on one of two floppy disks located by chance. The revised versions of the plans reflect the last changes thereto before the relevant time period in this case: 1997 – 1999.

Defendants informed plaintiff of the recently discovered plans by letter dated July 19, 2006. A true and accurate copy of that letter is attached as Exhibit 2. Defendants later invited plaintiff to depose Mr. Jackson concerning his discovery of the revised plans. See July 28, 2006 Letter from David Casey to Michael Paris, attached hereto as Exhibit 3. Plaintiff did not respond.

## LEGAL ARGUMENT

Plaintiff asks the Court to penalize defendants by excluding the revised versions of the UDC and FRBP pursuant to Fed. R. Civ. P. 37(c).[1] His argument falls far short of the standard imposed by that rule. As the First Circuit has noted, the exclusion of evidence "[is a] grave step, by no means an automatic response to a delayed disclosure . . . or where the failure to make a disclosure is not willful." Jackson v. Harvard Univ., 900 F.2d 464, 469 (1st Cir. 1990).

---

[1] That rule states, "A party that without substantial justification fails . . . to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

Plaintiff's argument fails for three reasons.  First, Rule 37(c) applies to a party's <u>failure</u> to supplement discovery responses only.  Second, even if the rule applied here, defendants' late discovery of the revised plans was not willful.  Third, plaintiff will not suffer prejudice if the revised plans are admitted at trial.

### A.    Defendants Fully Complied with Their Discovery Obligations.

Defendants have done nothing wrong.  To the contrary, they complied fully with their discovery obligations by supplementing their responses to plaintiff's lengthy requests for production of documents as mandated by Fed. R. Civ. P. 26(e).  That rule requires parties "seasonally to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete . . ."  This is precisely what defendants did.  They did not unreasonably delay in producing the revised versions of the UDC and FRBP to plaintiff once they discovered them, nor could they conceivably have benefited from doing so.  As a result, Rule 37 sanctions, imposed for the failure to supplement discovery responses only, are not warranted here.

It is noteworthy that none of the cases cited by plaintiff involve the exclusion of evidence based on similar facts.  Both Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 19-20 (1st Cir. 2001) and Lohnes v. Level 3 Comm., Inc., 272 F.3d 49, 60 (1st Cir. 2001) involve late-disclosed expert discovery.  In Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998), the Court precluded a party from introducing at trial a document that had not been produced at all.  Said differently, plaintiff cites no case in which the Court penalized a party for supplementing its discovery responses in compliance with Fed. R. Civ. P. 26(e) well in advance of trial.

- 4 -

**B.      Defendants' Late Discovery of the Revised Plans Was Not Willful.**

Assuming, *arguendo*, that Rule 37 did apply, exclusion of the revised plans is nonetheless unwarranted because defendants' late discovery of those documents was innocent rather than willful.  Defendants went to great lengths in responding to plaintiff's discovery requests.    Mr. Jackson and his staff conducted an exhaustive search of electronic and paper files in which they believed responsive documents might be located. They also recalled many boxes of documents from storage to search for potentially responsive documents and contacted former BSG employees concerning same.  This task was difficult given the length of time covered by plaintiff's requests and the changes in corporate structure (and, attendant changes in electronic document storage) and personnel during that period.

This comprehensive search did not uncover the revised versions of the UDC and FRBP.  Mr. Jackson located those documents simply by chance.  Defendants thereafter disclosed the revised documents to plaintiff in a timely fashion.  As a result, any delay in producing the revised versions of the UDC and FRBP was innocent rather than purposeful, and Rule 37 sanctions should not apply.

**C.      Plaintiff Will Not Be Prejudiced If the Revised Plans Are Admitted.**

Plaintiff cannot credibly contend that he will suffer prejudice if the revised versions of the UDC and FRBP are admitted at trial.  Defendants first notified plaintiff of the revisions to the plans in January 2006, when they sent plaintiff an unsolicited proffer with supporting documents.  Defendants later produced other documents reflecting plan changes, and plaintiff deposed Dr. Mannick and Mr. Holmes about same.  Further, defendants sent plaintiff the revised plan documents in mid-July, and offered to produce a

witness to testify regarding same.  Plaintiff not only rejected defendants' invitation to depose Mr. Jackson concerning his discovery of the revised documents, he also did not seek to recall Mr. Holmes or Dr. Mannick to depose them concerning same.  As a result, plaintiff cannot show that he has been prejudiced, and the revised plans should be admitted.  See, e.g., Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 197-98 (1st Cir. 2006) (in deciding whether to exclude evidence under Rule 37(c)(1) the court must consider a "multiplicity of pertinent factors . . . Surprise and prejudice are important integers in this calculation"); Lund v. Citizens Fin. Group, Inc., 1999 U.S. Dist. LEXIS 22590, at *38-39 (D.N.H. 1999) (allowing admission of document not produced during discovery where opposing party had prior knowledge of the document); U.S. Axminster Inc. v. Chamberlain, 176 F.R.D. 532, 534 (N.D. Miss. 1997) (no prejudice where defendant seeking to exclude document learned about its existence during the deposition of the plaintiff's president).

### D.    The Parties' Prior Stipulations Do Not Preclude Admission of the Revised Plan Documents.

The parties' prior stipulations do not preclude the Court from considering the revised versions of the UDC and FRBP at trial.  The parties attached old versions of the FRBP and UDC to their April 2005 Agreed Statement of Fact for Summary Judgment. They submitted that stipulation before conducting any discovery surrounding the plans, and before either party knew that the plans had been modified.  Moreover, the parties did not stipulate that the versions of the UDC and FRBP were, in fact, the versions in place during the relevant time period of 1997 – 1999.  As such, the parties' prior stipulation of facts should not preclude defendants from using the revised – and accurate – versions of the UDC and FRBP at trial.  See 6 C. Wright and A. Miller, Fed. Prac. & Proc. § 1527

(pre-trial stipulations need not be "rigidly and pointlessly adhered to at trial").

        **E.**       **The New Versions of the Plans Are Accurate, and Should Be Admitted.**

Plaintiff contends that the new version of the UDC should be excluded because it deviates slightly from Mr. Holmes' affidavit. As discussed above, Mr. Holmes provided his affidavit – largely from memory - before the parties had conducted discovery, and without having the opportunity to review the revised plan documents. That he did not accurately describe changes to the UDC at that time is not grounds to exclude the revised version now.

Plaintiff similarly provides no justification for the exclusion of the FRBP. As defendants previously explained to plaintiff, the revised plans were found in electronic files, thus, it is not signed. The changes to the FRBP are entirely consistent with those changes approved by the Committee on Compensation and reflected in defendants' Proffer and document production. As a result, the revised FRBP should be admitted.

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court deny

plaintiff's motion in limine to exclude the revised version of the UDC and FRBP.


Respectfully submitted,

BRIGHAM AND WOMEN'S
PHYSICIANS ORGANIZATION, INC.,
BOSTON NEUROSURGICAL
FOUNDATION INC., BRIGHAM
SURGICAL GROUP FOUNDATION,
INC. DEFERRED COMPENSATION
PLAN, BRIGHAM SURGICAL GROUP
FOUNDATION, INC. FACULTY
RETIREMENT BENEFIT PLAN,
COMMITTEE ON COMPENSATION OF
THE BRIGHAM SURGICAL GROUP
FOUNDATION, INC., and PETER
BLACK, M.D.,

By their attorneys,


/s/ David C. Casey
David C. Casey (BBO No. 077260)
Gregory C. Keating (BBO No. 564523)
Laurie Drew Hubbard (BBO No. 651109)
LITTLER MENDELSON, PC
One International Place, Suite 2700
Boston, MA 02110
 (617) 378-6000

Dated: October 10, 2006

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of October, 2006, a true and accurate copy of the foregoing Defendants' Opposition to Plaintiff's Motion in Limine to Exclude Late Produced "New" Versions of the UDC and FRBP, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ David C. Casey

Firmwide:81559744.1 047950.1002