UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EBEN ALEXANDER, III, M.D.    ) | |
|                              ) | |

```
EBEN ALEXANDER, III, M.D.              )
                                       )
            Plaintiff,                 )       Case No. 04-10738 MLW
                                       )
       v.                              )
                                       )
BRIGHAM AND WOMEN'S PHYSICIANS         )
ORGANIZATION, INC., successor to       )
Brigham Surgical Group Foundation, Inc.,)
BOSTON NEUROSURGICAL FOUNDATION        )
INC., BRIGHAM SURGICAL GROUP           )
FOUNDATION, INC. DEFERRED              )
COMPENSATION PLAN, BRIGHAM             )
SURGICAL GROUP FOUNDATION, INC.        )
FACULTY RETIREMENT BENEFIT             )
PLAN, COMMITTEE ON COMPENSATION        )
OF THE BRIGHAM SURGICAL GROUP          )
FOUNDATION, INC., and                  )
PETER BLACK, M.D.                      )
                                       )
            Defendants.                )
                                       )
```

## DEFENDANTS' PROFFER REGARDING BSG PHYSICIAN MEMBER BARGAINING POWER CONCERNING THE TERMS AND ADMINISTRATION OF THE FRBP AND UDC

Pursuant to the Court's Order dated November 15, 2005, defendants Brigham and Women's Physicians Organization, Inc., Boston Neurosurgical Foundation, Inc., Brigham Surgical Group Foundation, Inc. Deferred Compensation Plan, Brigham Surgical Group Foundation, Inc. Faculty Benefit Retirement Plan, Committee on Compensation of the Brigham Surgical Group Foundation, Inc. and Peter Black (collectively, "defendants" or "BSG") submit this proffer regarding the bargaining power of the doctors of BSG in connection with the pending cross summary judgment motions.

1.    BSG was a membership corporation.  *See* Corporate Bylaws of The Brigham Surgical Group Foundation, Inc. ("Bylaws"), a true and accurate copy of which is attached hereto as <u>Exhibit A</u>.  The Members of BSG were surgeons who served as Instructors, Assistant Professors, Associate Professors, or Professors at Harvard Medical School.  Bylaws, Article III, ¶ 1 (<u>Ex. A</u>).  All Members were on the medical staff of the Brigham and Women's Hospital.  *Id.*

2.    All Members of BSG had the opportunity to vote to elect members of the Board of Directors of BSG.  Bylaws, Article III, ¶ 3 (<u>Ex. A</u>).  The Board of Directors was responsible for managing the business of BSG.  Bylaws, Article III, ¶ 1 (<u>Ex. A</u>).

3.    BSG's Board of Directors was composed of a minimum of seven (7) directors, including the President of BSG and three (3) "Outside Directors."  Bylaws, Article III, ¶ 3 (<u>Ex. A</u>).  To qualify as an Outside Director, a person could not be an officer or employee of BSG or any other organization controlled by, or under common control with, BSG.  *Id.*  The President, and the members of the Board of Directors who were not Outside Directors, were physicians.  *Id.*

4.    The Members of BSG elected six (6) members of the Board of Directors to serve on the Executive Committee of the Board of Directors.  Bylaws, Article III, ¶ 12 (<u>Ex. A</u>).  The Executive Committee generally had the power to exercise all the powers of the Board of Directors, to the extent permitted by law.  *Id.*  All of the members of the Executive Committee were physicians.  *Id.*

5.    BSG also had a Committee on Compensation.  Bylaws, Article III, ¶ 12 (<u>Ex. A</u>).  The Committee on Compensation was composed of the President of BSG and three Outside Directors.  *Id.*  In addition, a Member served as a non-voting member of the Committee on Compensation.  *Id.*  The Committee on Compensation had the final authority with regard to all compensation arrangements, including deferred compensation arrangements, between BSG and the officers, directors, and employees of BSG.  *Id.*

6.    Members of BSG could become eligible to participate in the following two deferred compensation plans: the Unfunded Deferred Compensation Plan ("UDC") and the Faculty Retirement Benefit Plan ("FRBP"). *See* Affidavit of Kenneth E. Holmes dated December 16, 2005 ("Holmes Aff."), at true and accurate copy of which is attached hereto as Exhibit B, ¶ 11.

7.    BSG Members had the power to propose changes to the UDC and the FRBP. The Board of Directors could consider any such proposed changes. Holmes Aff., ¶ 12 (Ex. B).

8.    If the Board of Directors approved any such proposed changes, then such proposed changes were referred to the Executive Committee for its consideration. Holmes Aff., ¶ 13 (Ex. B).

9.    After consideration of a proposed change to the UDC or FRBP, the Executive Committee could vote to approve such change. Any approved changes were then submitted by the Executive Committee to the Committee on Compensation for final approval. For a proposed change to the UDC or FRBP to become final, such change needed to be approved by the Committee on Compensation. Holmes Aff., ¶ 14 (Ex. B); Bylaws, Article III, ¶ 12 (Ex. A).

10.    There were several meetings in which the Executive Committee discussed changes, which had been proposed by BSG Members, to the eligibility criteria of the UDC or FRBP. Holmes Aff., ¶ 15; *see also* Minutes of the Executive Committee dated April 1, 1988; May 13, 1988; February 16, 1990, September 18, 1992, October 30, 1992 and December 4, 1992, true and accurate copies of which are attached hereto as Exhibits C – H, respectively.

11.    In 1989 or 1990, a Member proposed revising the eligibility criteria for the UDC so that all academic ranks would be eligible to participate in the UDC. At the time, the only Members who were eligible to participate in the UDC were those who held the rank of Associate Professor and above. Holmes Aff., ¶ 16 (Ex. B).

12.    The Executive Committee considered this proposal on February 16, 1990. The Executive Committee voted to submit this proposal to the Committee on Compensation for approval. Holmes Aff., ¶ 17; Minutes, Exhibit E.

13.    On October 31, 1990, the Committee on Compensation approved this change to the UDC's eligibility criteria. Holmes Aff., ¶ 18; Minutes of the Committee on Compensation dated October 31, 1990, a true and accurate copy of which is attached hereto as Exhibit I.

14.    In 1992, Members proposed the following changes to the UDC and FRBP: (i) Members hired after October 31, 1992 at the rank of Instructor or Assistant Professor would not be eligible to participate in the UDC and FRBP during their first full three years of employment; (ii) Members holding the position of Instructor would no longer be eligible to participate in the UDC effective July 1, 1994; (iii) Members hired after October 31, 1992 in the position of Instructor would no longer be eligible to participate in the UDC, regardless of the length of their employment (i.e., they could not participate in the plan even after the 3-year "trial" period); and (iv) Members hired before October 31, 1992 would not be affected by these eligibility limitations for the UDC. Holmes Aff., ¶ 19 (Ex. B); Minutes, Exhibit F.

15.    On October 30, 1992, the Executive Committee preliminarily approved these proposals, pending further deliberation at the next meeting of the Executive Committee. Holmes Aff., ¶ 20; Minutes, Exhibit G.

16.    On December 4, 1992, the Executive Committee voted to recommend that the Committee on Compensation adopt the following changes to the UDC and FRBP: (i) Members hired after October 31, 1992 at the rank of Instructor or Assistant Professor would not be eligible to participate in the UDC and FRBP during their first three full years of employment; and (ii) Members holding the position of Instructor would no longer be eligible to participate in the UDC effective July 1, 1994. Holmes Aff., ¶ 21; Minutes, Exhibit H.

17.    The Committee on Compensation subsequently approved these changes to the eligibility criteria for the UDC and FRBP.  Holmes Aff., ¶ 22; *see also* Minutes of The Committee on Compensation dated November 3, 1993, a true and accurate copy of which is attached hereto as <u>Exhibit J</u>.

Respectfully submitted,

BRIGHAM AND WOMEN'S
PHYSICIANS ORGANIZATION, INC.,
BOSTON NEUROSURGICAL
FOUNDATION INC., BRIGHAM
SURGICAL GROUP FOUNDATION,
INC. DEFERRED COMPENSATION
PLAN, BRIGHAM SURGICAL GROUP
FOUNDATION, INC. FACULTY
RETIREMENT BENEFIT PLAN,
COMMITTEE ON COMPENSATION OF
THE BRIGHAM SURGICAL GROUP
FOUNDATION, INC., and PETER
BLACK, M.D.,

By their attorneys,

David C. Casey (BBO No. 077260)
Gregory C. Keating (BBO No. 564523)
Laurie Drew Hubbard (BBO No. 651109)
LITTLER MENDELSON, PC
One International Place, Suite 2700
Boston, MA 02110
(617) 378-6000

Dated:  January 25, 2006

Firmwide:80765962.1 047950.1002

80663726.1 047950.1002

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for plaintiff by hand on January 25, 2006.

David C. Casey

Firmwide:80765962.1 047950.1002