# Exhibit A

Case 1:04-cv-10738-MLW    Document 81-2    Filed 10/17/2006    Page 1 of 4

1

```
 1              UNITED STATES DISTRICT COURT
 2                DISTRICT OF MASSACHUSETTS
 3                         No. 1:04-cv-10738-MLW
 4
 5   EBEN ALEXANDER, III, M.D.,
             Plaintiff
 6
 7   vs.
 8
 9   BRIGHAM & WOMEN'S PHYSICIANS ORGANIZATION, INC., et al.
             Defendants
10
11
                         * * * * * * * * *
12
13
                    For Hearing Before:
14               Chief Judge Mark L. Wolf
15
            Cross Motions for Summary Judgment
16                  (Continued hearing.)
17
                 United States District Court
18               District of Massachusetts (Boston)
                 One Courthouse Way
19               Boston, Massachusetts 02210
                 Wednesday, January 25, 2006
20
21                       * * * * * * *
22
             REPORTER: RICHARD H. ROMANOW, RPR
23                Official Court Reporter
                United States District Court
24   One Courthouse Way, Room 5200, Boston, MA 02210
                     (617) 737-0370
25
```



```
 1   can't decide this based on your proffer of what these things
 2   are going to show unless Mr. Paris tells me, "It's okay. Rely
 3   on the proffer." You know, let me hear from Mr. Paris. No,
 4   no, no, actually, let me hear the answer to one more question,
 5   please.
 6        And the question is this. If I deny these motions for
 7   summary judgment, which doesn't mean at all you've wasted your
 8   time because you now would have a very focused amount of
 9   discovery to do, I would assume, but do you want any discovery?
10             MR. CASEY:  None.
11             THE COURT:  None.
12             MR. CASEY:  0.
13             THE COURT:  That's what I --
14             MR. CASEY:  And the other thing I would say -- and,
15   you know, I'm reluctant to say this, but I think I have to say
16   it for my client, that I'm going to go draft requests for
17   admissions and there may be a point when I come back, at the
18   end of this process, where I'm looking for an award of costs
19   and fees for having had to extend the money to prove that which
20   I know we can prove and could be admitted. But I just want to
21   put on the record that -- and, you know, Rule 1 of the Federal
22   Rules of Civil Procedure says that we should do this business
23   of litigating cases as cost effectively as possible. So it's
24   just --
25             THE COURT:  It would have been cost effective if
```

```
 1   you'd produced whatever documents you produced recently a long
 2   time ago.
 3              MR. CASEY:  I mean, we were trying -- you know,
 4   that's a fair -- you know, my brother may try to make a lot of
 5   hay out of this --
 6              THE COURT:  I mean, this is, frankly, frustrating
 7   to me.  I have very limited time.  If you had filed that motion
 8   a week ago, I might have said, "Fine, take some more time.
 9   I'll do something else."  My law clerk and I -- you know, it's
10   not money, we get paid the same amount, but we're working on
11   this case.  So, you know, Rule 1?  You know, I can sanction you
12   for not producing the documents, for requiring me to duplicate
13   this effort.  I could have denied these in November.  I really
14   stretched to see if what you jointly tried to do could work.
15   That's it.  Have a seat.
16         And if you file a request for admissions, you just want
17   to make sure you're asking them to admit something of which
18   they have knowledge.  Because if you ask them about facts that
19   they haven't had discovery for, I can tell you right now I'm
20   not going to -- even if you win, award any costs against them
21   for failing to admit that.
22         What would you like to say?  Maybe nothing.  No, no,
23   don't say nothing.
24              MR. PARIS:  No, I can't in good conscience.
25              THE COURT:  I know.
```