# Exhibit B

# NYSTROM BECKMAN & PARIS LLP
COUNSELORS AT LAW

June 3, 2004

**Via Courier and Facsimile (617) 525-7723**
Mr. Paul Calandrella
for The Brigham Surgical Group Foundation, Inc.,
Unfunded Deferred Compensation Plan,
Faculty Retirement Benefit Plan and
Brigham and Women's Physicians Organization, Inc.
One Brigham Circle
1620 Tremont Street
Boston, MA 02120-1613

Re: **Appeal of Claims Denial for Dr. Eben Alexander, III under the Brigham Surgical Group Foundation, Inc., Unfunded Deferred Compensation Plan and Faculty Retirement Benefit Plan**

Dear Mr. Calandrella:

I am writing on behalf of our client, Dr. Eben Alexander, III, to file an Appeal of your deemed denial of his benefit claims made pursuant to our letter of April 12, 2004 (the "Claims"). In accordance with Section 4.02 of the Unfunded Deferred Compensation Plan (the "UDC Plan") and Section 6.01(a) of the Faculty Retirement Benefit Plan (the "FRBP" and together, the "Plans"), the failure of the Plan Administrator to respond within thirty days of a claim for benefits is deemed a denial on the 30th day after receipt of such claim by the Plan Administrator.

As you know, the Claims were filed on April 12, 2004 and no determination was made by the Plan Administrator by May 12th. Furthermore, your letter of May 20, 2004 does not address the substance of the Claims as required by the Plans' respective claims procedures. Finally, it is our understanding that Brigham and Women's Physicians Organization, Inc. is the successor to the Brigham Surgical Group Foundation, Inc. (together the "Hospital") and the plan sponsor of the Plans.

**Benefit Claim and Accounting under the Unfunded Deferred Compensation Plan**

As described in the Claims letter, on or about April 13, 2001, Dr. Alexander was improperly terminated pursuant to a termination letter signed by Dr. Peter Black (the "Termination"). As a consequence of such Termination, Dr. Alexander's account in the UDC

10 ST. JAMES AVENUE ♦ 16th FLOOR ♦ BOSTON, MASSACHUSETTS 02116
(617) 778-9100 ♦ (617) 778-9110 (fax)
Direct Line: (617) 778-9128 ♦ mparis@nbparis.com

Mr. Paul Calandrella
June 3, 2004
Page 2

was reduced by $251,887.16 purportedly in accordance with Section 2.05 of the UDC (the UDC "Set-Off").

In accordance with the procedures set forth in Section 4.02 of the UDC, we again renew our request for the following documentation and information related to the calculation of Dr. Alexander's "deferred compensation account balance," as referenced in Section 2.01 of the UDC:

1. An accounting of the purported Set-Off, including, but not limited to, the purported debt or liability that Dr. Alexander allegedly owed the Hospital;
2. Identity of the Plan Administrator for the UDC on April 13, 2001;
3. Copy of any plan communication documenting the Set-Off;
4. UDC plan statements for Plan Year's 2001, 2002 and 2003;
5. Copy of the UDC Plan document, as amended and currently in effect and each and every amendment thereto from its adoption date through the date of your response, together with any resolution or instrument of adoption;
6. The currently effective Summary Plan Description or other written summary of the UDC Plan and each and every previous version of the Summary Plan Description from the plan's adoption date through the date of your response;
7. An explanation of how the UDC plan satisfies the ERISA "top-hat" requirements, including, but not limited to, details on total employee population at Brigham Surgical Group Foundation, Inc. in April 2001 and details on the total number of participants in the UDC Plan; and
8. A detailed explanation of why Dr. Alexander's UDC account was impermissibly reduced in violation of ERISA's vesting requirements.

**Benefit Claim and Accounting under the Faculty Retirement Benefit Plan**

As a consequence of the Termination, Dr. Alexander's account in the FRBP was reduced by $190,000 purportedly in accordance with Section 3.03 of the FRBP (the FRBP "Set-Off"). In accordance with the procedures set forth in Section 6.01 of the FRBP, we request the following documentation and information related to the calculation of Dr. Alexander's Account, as defined in Section 3.02 of the FRBP:

1. An accounting of the purported Set-Off, including, but not limited to, the purported debt or liability that Dr. Alexander allegedly owed the Hospital;
2. Identity of the Plan Administrator for the FRBP on April 13, 2001;
3. Copy of any plan communication or calculation documenting the Set-Off;
4. FRBP plan statements for Plan Year's 2001, 2002 and 2003;
5. Copy of the FRBP Plan document, as amended and currently in effect and each and every amendment thereto from its adoption date through the date of your response, together with any resolution or instrument of adoption;
6. The currently effective Summary Plan Description or other written summary of the FRBP Plan and each and every previous version of the Summary Plan Description from the plan's adoption date through the date of your response;

Mr. Paul Calandrella
June 3, 2004
Page 3

7. An explanation of how the FRBP Plan satisfies the ERISA "top-hat" requirements, including, but not limited to, details on total employee population at Brigham Surgical Group Foundation, Inc. in April 2001 and details on the total number of participants in the FRBP Plan; and
8. A detailed explanation of why Dr. Alexander's FRBP account was impermissibly reduced in violation of ERISA's vesting requirements.

**Appeal of Claims Denial**

We appeal your denial of Dr. Alexander's Claims and request that his account balances be credited with an amount equal to the impermissible UDC and FRBP Set-Offs (as described and quantified above), plus lost earnings from April 13, 2001 through the date such amount is deposited into the Plans.

In light of the fact that we have not received the documentation requested in the Claims letter it is difficult, if not impossible, to provide additional information relative to the Claims other than that set forth above. The Hospital and Plan Administrator are the only parties in a position to provide the documentation requested above.

Nothing contained herein is intended to waive or limit Dr. Alexander's right to supplement this claim for benefits and an accounting, raise additional claims for benefits or otherwise pursue any other remedy that may be available to him under the Plans, state law, ERISA or any other applicable law. If you require additional information to respond to this Appeal of Claim Denial, please let me know.

Very truly yours,

NYSTROM BECKMAN & PARIS LLP

By: _____
Michael Paris

MP/jt

cc: David C. Casey