UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EBEN ALEXANDER, III, M.D. | )<br>)<br>) |
| Plaintiff, | ) Case No. 04-10738 MLW<br>) |
| v. | )<br>) |
| BRIGHAM AND WOMEN'S PHYSICIANS ORGANIZATION, INC., successor to Brigham Surgical Group Foundation, Inc., BOSTON NEUROSURGICAL FOUNDATION INC., BRIGHAM SURGICAL GROUP FOUNDATION, INC. DEFERRED COMPENSATION PLAN, BRIGHAM SURGICAL GROUP FOUNDATION, INC. FACULTY RETIREMENT BENEFIT PLAN, COMMITTEE ON COMPENSATION OF THE BRIGHAM SURGICAL GROUP FOUNDATION, INC., and PETER BLACK, M.D. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' POST-TRIAL SUBMISSIONS CONCERNING
PLAN PARTICIPANTS WHO SERVED ON BSG'S EXECUTIVE COMMITTEE
AND 501(C)(3) LIMITS ON COMPENSATION**

Pursuant to the Court's instructions during the October 18-19, 2006 bench trial in this matter, defendants Brigham and Women's Physicians, Inc., et al. hereby make the following submissions concerning (1) participants in the UDC and FRBP who served on BSG's Executive Committee and (2) 501(c)(3) limits on compensation for charitable organizations.

**I.    PLAN PARTICIPANTS WHO SERVED ON BSG'S EXECUTIVE COMMITTEE.**

Dr. John Mannick testified incorrectly that few members of BSG's Board of Directors and Executive Committee participated in the UDC and FRBP.  Dr. Mannick's testimony was

based on his recollection, but is contradicted by documentary evidence in the record and by Dr. Alexander's testimony.

More specifically, Trial Exhibits 21-25 and 27 are meeting minutes of BSG's Executive Committee. The Executive Committee was a sub-committee of BSG's Board of Directors. *See* Brigham Surgical Group Foundation, Inc. Corporate Bylaws dated December 22, 1976 and revised March 16, 1987 (Trial Exhibit 20). The minutes list the Committee members who participated in each meeting. Comparing these minutes with the list of plan participants set forth in the Revised Supplemental Agreed Statement of Facts for Cross Summary Judgment Motion, ¶¶ 10-15 (Trial Exhibit 29) reveals that the following members of BSG's Executive Committee (and its Board of Directors) participated in the FRBP and/or UDC: Drs. Black, Brooks, Cohn, Collins, Eriksson, Richie, Stieg and Sugarbaker. By virtue of their membership on the Board of Directors and the Executive Committee, these plan participants could, and did, affect the terms and administration of the plans.

Dr. Alexander testified that he, too, could have participated on BSG's Board of Directors had he chosen to run for election to same. He also identified several Board members with whom he had particularly close relationships during his tenure at BSG: Drs. Eriksson, Strong, Cohn, Black, Mannick and Sugarbaker. Of those Board members, Drs. Eriksson, Cohn, Black and Sugarbaker participated in the UDC and/or FRBP. *See* Exhibit 29, ¶¶ 10-15.[1]

## II.    501(C)(3) LIMITS ON COMPENSATION

Section 501(c)(3) of the Internal Revenue Code (codified at 26 U.S.C. § 501(c)(3)) provides an exemption from federal income taxes for organizations organized and operated for charitable purposes only. A copy of that statute is attached as Exhibit 1. Two related sections of the Internal Revenue Service regulations give rise to restrictions on compensation for charitable

---

[1] Dr. Mannick also participated in the UDC and FRBP before leaving BSG in 1994.

organizations. First, 26 C.F.R. 1.501(c)(3)-1(c)(2) provides that an organization is not operated exclusively for exempt purposes under section 501(c)(3) of the Code if its earnings inure in whole or in part to the benefit of private shareholders or individuals (i.e., "private inurement"). A copy of that section is attached as Exhibit 2. Second, 26 C.F.R. 1.501(c)(3)-1(d)(1)(ii) provides that an organization is not organized and operated exclusively for charitable purposes unless it serves a public rather than a private interest.

To determine whether an organization complies with Treas. Reg. 1.501(c)(3)-1(c)(2) and 1.501(c)(3)-1(d)(1)(ii), the I.R.S. examines the amount of compensation it pays to individuals with "a private or personal interest in the organization" to ensure that the organization is not paying "excessive compensation."[2] 26 C.F.R. 1.501(a)-1(c); 53.4958-6 (copies of which are attached as Exhibits 3 and 4, respectively). An organization may lose its tax-exempt status if its compensation levels are excessive or unreasonable. *See* 26 C.F.R. § 1.501(c)(3)-1(a). The reasonableness of compensation is determined through consideration of "compensation levels paid by similarly situated organizations, both taxable and tax-exempt, for functionally comparable positions; the availability of similar services in the geographic area of the applicable tax-exempt organization; current compensation surveys compiled by independent firms; and actual written offers from similar institutions competing for the services of the [employee]." 26 C.F.R. § 53.4958-6.

With the Court's indulgence, defendants would like to make one more point. Were the Court to embrace plaintiff's argument that the law requires individualized bargaining opportunities for all top hat plan participants, employers with thousands of employees would

---

[2] Tax-exempt organizations are required to report the amount of compensation paid to their five highest paid employees on Form 990-A, an attachment to their annual tax filings. 26 CFR 1.6033-1.

effectively be precluded from offering top hat plans as broadly as they might by virtue of the administrative complexity that such ad hoc bargaining would cause.

>Respectfully submitted,
>
>BRIGHAM AND WOMEN'S PHYSICIANS ORGANIZATION, INC., BOSTON NEUROSURGICAL FOUNDATION INC., BRIGHAM SURGICAL GROUP FOUNDATION, INC. DEFERRED COMPENSATION PLAN, BRIGHAM SURGICAL GROUP FOUNDATION, INC. FACULTY RETIREMENT BENEFIT PLAN, COMMITTEE ON COMPENSATION OF THE BRIGHAM SURGICAL GROUP FOUNDATION, INC., and PETER BLACK, M.D.,
>
>By their attorneys,
>
>/s/ David C. Casey
>David C. Casey (BBO No. 077260)
>Gregory C. Keating (BBO No. 564523)
>Laurie Drew Hubbard (BBO No. 651109)
>LITTLER MENDELSON, PC
>One International Place, Suite 2700
>Boston, MA 02110
> (617) 378-6000

Dated: October 23, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2006, a true and accurate copy of this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

>/s/ David C. Casey

Firmwide:81598825.1 047950.1002