# Exhibit 3

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright (c) 2006, by Matthew Bender & Company, a member
of the LexisNexis Group. All rights reserved.

\*\*\* THIS SECTION IS CURRENT THROUGH THE OCTOBER 12, 2006 ISSUE OF \*\*\*
\*\*\* THE FEDERAL REGISTER \*\*\*

TITLE 26 -- INTERNAL REVENUE
CHAPTER I -- INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY
SUBCHAPTER A -- INCOME TAX
PART 1 -- INCOME TAXES
NORMAL TAXES AND SURTAXES
EXEMPT ORGANIZATIONS
GENERAL RULE

Go to the CFR Archive Directory

26 CFR 1.501(a)-1

§ 1.501(a)-1 Exemption from taxation.

(a) In general; proof of exemption. (1) Section 501(a) provides an exemption from income taxes for organizations which are described in section 501 (c) or (d) and section 401(a), unless such organization is a feeder organization (see section 502), or unless it engages in a transaction described in section 503. However, the exemption does not extend to unrelated business taxable income of such an organization (see part III (Section 511 and following), subchapter F, chapter 1 of the Code).

(2) An organization, other than an employees' trust described in section 401(a), is not exempt from tax merely because it is not organized and operated for profit. In order to establish its exemption, it is necessary that every such organization claiming exemption file an application form as set forth below with the district director for the internal revenue district in which is located the principal place of business or principal office of the organization. Subject only to the Commissioner's inherent power to revoke rulings because of a change in the law or regulations or for other good cause, an organization that has been determined by the Commissioner or the district director to be exempt under section 501(a) or the corresponding provision of prior law may rely upon such determination so long as there are no substantial changes in the organization's character, purposes, or methods of operation. An organization which has been determined to be exempt under the provisions of the Internal Revenue Code of 1939 or prior law is not required to secure a new determination of exemption merely because of the enactment of

the Internal Revenue Code of 1954 unless affected by substantive changes in law made by such Code.

(3) An organization claiming exemption under section 501(a) and described in any paragraph of section 501(c) (other than section 501(c)(1) shall file the form of application prescribed by the Commissioner and shall include thereon such information as required by such form and the instructions issued with respect thereto. For rules relating to the obtaining of a determination of exempt status by an employees' trust described in section 401(a), see the regulations under section 401.

(b) Additional proof by particular classes of organizations. (1) Organizations mentioned below shall submit with and as a part of their applications the following information:

(i) Mutual insurance companies shall submit copies of the policies or certificates of membership issued by them.

(ii) In the case of title holding companies described in section 501(c)(2), if the organization for which title is held has not been specifically notified in writing by the Internal Revenue Service that it is held to be exempt under section 501(a), the title holding company shall submit the information indicated herein as necessary for a determination of the status of the organization for which title is held.

(iii) An organization described in section 501(c)(3) shall submit with, and as a part of, an application filed after July 26, 1959, a detailed statement of its proposed activities.

(2) In addition to the information specifically called for by this section, the Commissioner may require any additional information deemed necessary for a proper determination of whether a particular organization is exempt under section 501(a), and when deemed advisable in the interest of an efficient administration of the internal revenue laws, he may in the cases of particular types of organizations prescribe the form in which the proof of exemption shall be furnished.

(3) An organization claiming to be specifically exempted by section 6033(a) from filing annual returns shall submit with and as a part of its application a statement of all the facts on which it bases its claim.

(c) Private shareholder or individual defined. The words private shareholder or individual in section 501 refer to persons having a personal and private interest in the activities of the organization.

(d) Requirement of annual returns. For the annual return requirements of organizations exempt under section 501(a), see section 6033 and § 1.6033-1.

(e) Certain Puerto Rican pension, etc., trusts. Effective for taxable years beginning after December 31, 1973, section 1022(i)(1) of the Employee Retirement Income Security Act of 1974 (ERISA) (88 Stat. 942) provides that trusts under certain Puerto Rican pension,

etc., plans (as defined under P.R. Laws Ann. tit. 13, section 3165, and the articles thereunder), all of the participants of which are residents of the Commonwealth of Puerto Rico, are to be treated only for purposes of section 501(a) as trusts described in section 401(a). The practical effect of section 1022(i)(1) is to exempt these trusts from U.S. income tax on income from their U.S. investments. For purposes of section 1022(i)(1), the term residents of the Commonwealth of Puerto Rico means bona fide residents of Puerto Rico, and persons who perform labor or services primarily within the Commonwealth of Puerto Rico, regardless of residence for other purposes, and the term participants is restricted to current employees who are not excluded under the eligibility provisions of the plan.

**HISTORY:**
[T.D. 6500, 25 FR 11737, Nov. 26, 1960, as amended by T.D. 7428, 41 FR 34619, Aug. 16, 1976; T.D. 7859, 47 FR 54298, Dec. 2, 1982]

**AUTHORITY:**
AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
26 U.S.C. 7805.

**NOTES:**
NOTES APPLICABLE TO ENTIRE CHAPTER:
EDITORIAL NOTE: IRS published a document at 45 FR 6088, Jan. 25, 1980, deleting statutory sections from their regulations. In Chapter I, cross references to the deleted material have been changed to the corresponding sections of the IRS Code of 1954 or to the appropriate regulations sections. When either such change produced a redundancy, the cross reference has been deleted. For further explanation, see 45 FR 20795, March 31, 1980.
[The OMB control numbers for title 26 appear in §§ 601.9000 and 602.101 of this chapter.]


NOTES APPLICABLE TO ENTIRE SUBCHAPTER:
Supplementary Publications: Internal Revenue Service Looseleaf Regulations System, Alcohol and Tobacco Tax Regulations, and Regulations Under Tax Conventions.
EDITORIAL NOTE: Treasury Decision 6091, 19 FR 5167, Aug. 17, 1954, provides in part as follows:
PARAGRAPH 1. All regulations (including all Treasury decisions) prescribed by, or under authority duly delegated by, the Secretary of the Treasury, or jointly by the Secretary and the Commissioner of Internal Revenue, or by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury, or jointly by the Commissioner of Internal Revenue and the Commissioner of Customs or the Commissioner of Narcotics with the approval of the Secretary of the Treasury, applicable under any provision of law in effect on the date of enactment of the Code, to the extent such provision of law is repealed by the Code, are hereby prescribed under and made applicable to the provisions of the Code corresponding to the provision of law so repealed insofar as any such regulation is not inconsistent with the Code. Such regulations shall

become effective as regulations under the various provisions of the Code as of the dates the corresponding provisions of law are repealed by the Code, until superseded by regulations issued under the Code.

PAR. 2. With respect to any provision of the Code which depends for its application upon the promulgation of regulations or which is to be applied in such manner as may be prescribed by regulations, all instructions or rules in effect immediately prior to the enactment of the Code, to the extent such instructions or rules could be prescribed as regulations under authority of such provision of the Code, shall be applied as regulations under such provision insofar as such instructions or rules are not inconsistent with the Code. Such instructions or rules shall be applied as regulations under the applicable provision of the Code as of the date such provision takes effect.

PAR. 3. If any election made or other act done pursuant to any provision of the Internal Revenue Code of 1939 or prior internal revenue laws would (except for the enactment of the Code ) be effective for any period subsequent to such enactment, and if corresponding provisions are contained in the Code, such election or other act shall be given the same effect under the corresponding provisions of the Code to the extent not inconsistent therewith. The term "act" includes, but is not limited to, an allocation, identification, declaration, agreemtent, option, waiver, relinquishment, or renunciation.

PAR. 4. The limits of the various internal revenue districts have not been changed by the enactment of the Code. Furthermore, delegations of authority made pursuant to the provisions of Reorganization Plan No. 26 of 1950 and Reorganization Plan No. 1 of 1952 (as well as redelegation thereunder), including those governing the authority of the Commissioner of Internal Revenue, the Regional Commissioners of Internal Revenue, or the District Directors of Internal Revenue, are applicable to the provisions of the Code to the extent consistent therewith.